**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

WILLIAM MCKINNEY,

Plaintiff,

v. No. 25-cv-03112-TLP-cgc

UNITED STATES
DEPARTMENT OF EDUCATION et al,

Defendants.

---

**REPORT AND RECOMENDATION**

---

Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. On December 8, 2025, Plaintiff William McKinney, a resident of Memphis, Shelby County, Tennessee, filed a *pro se* complaint and paid the case initiation fee. (Docket Entry ("D.E.") # 1 and 8.) Plaintiff was mailed blank summonses to complete and return for issuance. Since that date, there has been no further activity in the case.

Rule 4(c) states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Because Plaintiff paid the case initiation fee, he was responsible for ensuring that service is completed consistent with Rule 4. Plaintiff has not provided any indication that service has been made on the defendants in compliance with Rule 4.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). On July 8, 2026, an order to show cause (D.E. # 10) was entered directing Plaintiff to show cause within fourteen (14) days of entry of the order as to why the Court should not enter a Report and Recommendation recommending to the District Court that the Complaint be dismissed without prejudice. To date, no response to the Order to Show Cause has been filed. It is RECOMMENDED that the Complaint be dismissed without prejudice for failure to serve the defendant within 90 days after the complaint was filed.

Plaintiff was cautioned that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute. (D.E. # 10, PageID 21) If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness,

bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting his case. Plaintiff has not shown that service on Defendant has been made. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff. The Order to Show Cause made it clear that dismissal of the case was under consideration by the Court. Plaintiff has ignored the Court's order and has failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power.

Signed this 30th day of July, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**